Filed 11/20/25  P. v. Eagan CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338715 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA338308) |
| v. | |
| ANTHONY EAGAN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Colleen M. Tiedemann and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Anthony Eagan was convicted of first degree murder under a provocative act theory in 2012. He appeals the summary denial of his second resentencing petition under Penal Code section 1172.6,[1] and he argues the superior court erred by failing to consider the record of conviction or follow the statutory procedures of section 1172.6. We affirm because the record of conviction demonstrates Eagan is ineligible for relief as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Conviction and Sentence*

In 2006, Eagan, Tyrone McDougal, and an unidentified third man attempted to rob Sharon Cole at gunpoint in her home.[2] Cole called out for her son, Ajani Campbell, who was in the home, and Campbell brought his firearm to defend Cole. Eagan fired his gun at Campbell, and Campbell fired back, hitting McDougal, who died from his wounds.

In 2010, Eagan was charged with murder (§ 187, subd. (a); count 1), attempted home invasion robbery (§§ 664, 211; count 2),

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    We provide factual context from the prior appellate opinion affirming Eagan's convictions on direct appeal. (See *People v. Eagan* (Dec. 30, 2013, B240663) [nonpub. opn.].) "These facts are 'for background purposes and to provide context for the parties' arguments.' [Citation.] We do not rely on these facts to review the trial court's determination for [Eagan's] prima facie showing." (*People v. Rushing* (2025) 109 Cal.App.5th 1025, 1028, fn. 2.)

first degree burglary (§ 459; count 3), two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 4 and 5), and possession of a firearm by a felon (§ 12021, subd. (a)(1); count 6). The information alleged that Eagan committed the murder during an attempted robbery and burglary (§ 190.2, subd. (a)(17), as to count 1); that he personally used a firearm (§ 12022.53, subds. (b), (c), as to counts 1 and 2; §§ 1203.06, subd. (a)(1), 12022.5, subd. (a), as to count 3; §§ 667.5, subd. (c), 1192.7, subd. (c), 12022.5, as to counts 4 and 5); that he personally and intentionally discharged a firearm (§§ 12022.53, subd. (c), as to counts 1 and 2); that a person, other than an accomplice, was present in the residence during the burglary (§ 667.5, subd. (c), as to count 3); and that Eagan voluntarily acted in concert in committing the attempted robbery (§ 213, subd. (a)(1)(A)), as to count 2.

As relevant here, the jury was instructed on the provocative act doctrine of murder as follows:[3]

> To prove that the defendant is guilty of murder under the provocative act doctrine, the People must prove that:
> 1. In committing residential burglary, the defendant intentionally did a provocative act;
> 2. The defendant knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life;

---

[3] We previously granted the People's request for judicial notice of the appellate record in Eagan's direct appeal, which contains the jury instructions from Eagan's trial.

3

3. In response to the defendant's provocative act, Campbell killed McDougal AND

4. McDougal's death was the natural and probable consequence of the defendant's provocative act.

The jury convicted Eagan on all counts, found counts 1 through 3 to be offenses in the first degree, and found all special allegations true. Eagan received an aggregate sentence of life in prison without the possibility of parole, plus 115 years six months. This court affirmed Eagan's conviction and sentence on direct appeal. (*People v. Eagan, supra*, B240663.)

B. *Section 1172.6 Resentencing Petitions*

In 2019, Eagan filed a petition through counsel for resentencing under former section 1170.95, now section 1172.6, alleging he could not presently be convicted of murder because of changes to the Penal Code made by Senate Bill No. 1437.[4] After briefing and a hearing, the superior court denied the petition without issuing an order to show cause, reasoning that Eagan was not "convicted on a felony murder theory or murder under a natural and probable consequences theory" and therefore his "murder conviction does not fall within the classifications designated as eligible in . . . section 1170.95(a)." This court affirmed the denial of Eagan's petition. (*People v. Eagan* (Oct. 21, 2021, B306104) [nonpub. opn.].)

In 2024, Eagan filed a second section 1172.6 petition in propria persona. The superior court summarily denied this

---

[4] We also granted the People's request for judicial notice of the appellate record in Eagan's appeal from the denial of his first section 1172.6 petition.

4

petition without appointing counsel or holding a hearing. The court reviewed its finding on Eagan's first petition that Eagan "was convicted of murder under the Provocative Act Doctrine" for shooting at Campbell during the burglary and causing Campbell to kill McDougal. The court also stated that Eagan's conviction was previously affirmed on direct appeal on the grounds that "*the evidence was sufficient to support the jury's finding that Eagan's shooting at Campbell was a provocative act 'evidencing malice'* that caused Campbell to respond with lethal force."

The court noted that, through Senate Bill No. 775, the Legislature amended section 1172.6 in 2022 to allow resentencing relief for those convicted of murder under "any theory under which malice is imputed to a person based solely on that person's participation in a crime." But it observed that "[b]oth before and after [Senate Bill No.] 775, the law of provocative act murder required that the defendant personally harbor malice." The court also identified "a split in authority as to whether [Senate Bill No.] 775 includes provocative act murder," and this issue was pending review in the California Supreme Court. Given that Eagan had "previously litigated" a section 1172.6 petition, and the subsequent petition "raise[d] no new issues for this court to consider," the court denied the petition.

Eagan timely appealed.

## DISCUSSION

A.   *Section 1172.6 Resentencing and Standard of Review*

In 2018, the Legislature amended the law of murder through Senate Bill No. 1437 to provide that "malice . . . may no longer be imputed to a defendant solely because the defendant

5

participated in another crime." (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*).) To this end, Senate Bill No. 1437 "eliminate[d] the natural and probable consequences doctrine for first degree and second degree murder" and "heighten[ed] the requirements for felony murder." (*People v. Hin* (2025) 17 Cal.5th 401, 440.) Senate Bill No. 1437 also added former section 1170.95, now section 1172.6, to the Penal Code, "creating a procedural mechanism for those previously convicted of murder under a theory amended in the bill to petition for resentencing." (*People v. Emanuel* (2025) 17 Cal.5th 867, 880 (*Emanuel*).) In 2021, as relevant here, Senate Bill No. 775 expanded section 1172.6 resentencing relief "to persons convicted of murder pursuant to a 'theory under which malice is imputed to a person based solely on that person's participation in a crime.'" (*People v. Antonelli* (2025) 17 Cal.5th 719, 724 (*Antonelli*).)

Under section 1172.6, "[t]he process begins with the filing of a petition that declares, among other things, that '[t]he petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill No. 1437." (*Emanuel, supra,* 17 Cal.5th at p. 880.) The petition should also indicate whether the petitioner requests appointment of counsel. (See *Patton, supra,* 17 Cal.5th at p. 559.) A facially sufficient petition entitles the petitioner to counsel, and it "triggers the People's duty to submit a response and the petitioner's right to submit a reply on the question of whether a prima facie case for relief exists." (*Ibid.*; see § 1172.6, subds. (b)(3), (c).)

"'When the trial court receives a petition containing the necessary declaration and other required information,'" the court must evaluate the petition and hold a hearing ""to determine

6

whether the petitioner has made a prima facie case for relief.""" (*People v. Arellano* (2024) 16 Cal.5th 457, 468; see § 1172.6, subd. (c).) This prima facie inquiry is "'limited'" and aimed at "'distinguish[ing] petitions with potential merit from those that are clearly meritless.'" (*Patton*, *supra*, 17 Cal.5th at pp. 562-563.) At the prima facie stage, the court may consult "'[t]he record of conviction'" but must not "'engage in "factfinding involving the weighing of evidence or the exercise of discretion."'" (*Id.* at p. 563.) Rather, the court should take "'"petitioner's factual allegations as true and make[] a preliminary assessment regarding whether the petitioner would be entitled to relief if [those] factual allegations were proved."'" (*Ibid.*) The court also "'"should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing,"'" unless "'"the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition[;]"'" if so, "'"'the court is justified in making a credibility determination adverse to the petitioner.'"'" (*Ibid.*)

"If the trial court determines that the petitioner has made a prima facie case for relief, it 'shall issue an order to show cause.' (§ 1172.6, subd. (c).) At the evidentiary hearing that follows, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder' under state law as amended by [Senate Bill No. 1437.] (§ 1172.6, subd. (d)(3).) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Emanuel*, *supra*, 17 Cal.5th at p. 880.)

7

The denial of a section 1172.6 petition without an evidentiary hearing is proper "'only if "the petition and record in the case establish *conclusively* that the defendant is ineligible for relief" as a matter of law.'" (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268.) We review such a denial de novo. (See *People v. Love* (2025) 107 Cal.App.5th 1280, 1287; accord, *Hickman*, at p. 1268.)

B.    *Provocative Act Doctrine of Murder*

"A conviction for murder requires the commission of an act that causes death, done with the mental state of malice aforethought (malice)." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653 (*Gonzalez*), superseded by statute on other grounds as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 868-869.) "To satisfy the actus reus element of murder, an act of either the defendant *or an accomplice* must be the proximate cause of death" (*People v. Concha* (2009) 47 Cal.4th 653, 660 (*Concha*)), "set[ting] in motion a chain of events that produces as a direct, natural and probable consequence of the act . . . the death of [the decedent] and without which the death would not occur" (*People v. Cervantes* (2001) 26 Cal.4th 860, 866-867 (*Cervantes*)). "To satisfy the mens rea element of murder, the defendant must personally act with malice aforethought" (*Concha*, at p. 660), i.e., intending to kill (express malice) or performing an act dangerous to human life, "'know[ing] that his conduct endangers the life of another and . . . act[ing] with conscious disregard for life'" (implied malice). (*People v. Soto* (2018) 4 Cal.5th 968, 974.)

The provocative act doctrine permits liability for murder where a defendant or an accomplice does not personally kill, but they "cause a third party to kill in response to their life-

8

threatening provocative acts." (*Cervantes*, *supra*, 26 Cal.4th at p. 867.) "The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing first or by otherwise engaging in severe, life-threatening, and usually gun-wielding conduct, and the police, or a victim of the underlying crime, responds with privileged lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*Ibid.*) "Under the provocative act doctrine, when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder." (*Gonzalez*, *supra*, 54 Cal.4th at p. 655.) "Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger." (*Ibid.*)

C.   *Eagan Is Ineligible for Section 1172.6 Relief as a Matter of Law, and Any Procedural Error Was Harmless*

Eagan does not argue that he made a prima facie showing under section 1172.6. Instead, he contends the superior court procedurally erred by failing to appoint counsel, hold a hearing, or consider the jury instructions. While we agree the superior court procedurally erred, any error was harmless because the record conclusively demonstrates Eagan is ineligible for relief as a matter of law.

After the superior court denied Eagan's second resentencing petition, the California Supreme Court decided *Antonelli*, *supra*, 17 Cal.5th 719. *Antonelli* concluded that a petitioner convicted of murder under the provocative act doctrine may be eligible for section 1172.6 relief if he was convicted before

9

November 2009, when the high court decided *Concha, supra*, 47 Cal.4th 653. (See *Antonelli,* at p. 731.) Antonelli participated in a home invasion robbery with two accomplices; Antonelli's first accomplice assaulted and threatened the victims, causing a victim to fight back and kill the second accomplice. (See *id.* at p. 723.) The California Supreme Court held that "under the governing law at the time of defendant's murder conviction in 1991, the provocative act murder doctrine did not require proof that defendant personally harbored malice. In other words, '[t]he defendant could be a non-provocateur who did not personally act with malice, so long as a provocateur accomplice did.'" (*Id.* at p. 728.) At that time, the "case law on provocative act murder 'imposed culpability on all perpetrators of the underlying crime so long as the provocateur acted with malice, and did so in furtherance of the common criminal design.'" (*Id.* at p. 730.)

*Antonelli* noted "it was not until our November 2009 decision in *Concha, supra*, 47 Cal.4th 653 . . . that we 'separated out the mens rea of individual defendants in provocative act murder cases' and made clear that a defendant must personally harbor malice to be convicted of provocative act murder." (*Antonelli, supra,* 17 Cal.5th at pp. 728-729.) "Because, under previous precedent, a jury could have imputed malice to a nonprovocateur defendant" like Antonelli, Antonelli was not barred from seeking section 1172.6 relief. (*Id.* at p. 731.)

As stated, under *Antonelli*, a petitioner convicted of provocative act murder may be eligible for section 1172.6 relief only if convicted before the November 2009 *Concha* decision. (*Antonelli*, *supra*, 17 Cal.5th at pp. 728-729.) Eagan is ineligible for resentencing relief as a matter of law because he was tried and convicted for provocative act murder in 2012, after *Concha*

10

established the personal malice requirement. "Thus, the theory under which he was convicted—post-*Concha* provocative act murder—remains valid. Therefore, [Eagan] is ineligible for relief under section 1172.6 as a matter of law, and he was not entitled to an evidentiary hearing." (*People v. Venancio* (2025) 114 Cal.App.5th 593, 611.)

The jury instructions given at Eagan's trial further confirm he was convicted on the basis of his personal malice, not imputed malice. As described, the jury was instructed that to find Eagan guilty of murder, it must determine that "the defendant intentionally did a provocative act" and "[t]he defendant knew that the natural and probable consequences of the provocative act were dangerous to human life and then acted with conscious disregard for life." These instructions required the jury to find that Eagan personally acted with implied malice. (See *Gonzalez*, *supra*, 54 Cal.4th at p. 655 ["Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger."].)

Eagan argues that, in denying his petition, the superior court erroneously failed to consider the jury instructions from his trial "to determine whether there was any theory of liability affected by [Senate Bill No.] 1437." (See *Antonelli*, *supra*, 17 Cal.5th at p. 731 ["In assessing section 1172.6 petitions from individuals convicted following jury trials, the jury instructions will be critical."].) Eagan asserts there is "no indication in the record that the trial court reviewed any documents in the 'record of conviction.'" Citing *People v. Gallardo* (2024) 105 Cal.App.5th 296 (*Gallardo*), Eagan argues that this court should not review the record of conviction, including the jury instructions, in the

11

first instance and should instead remand to the superior court. (See *id.* at pp. 302-303 [concluding the superior court "failed to adequately conduct the proceedings required by section 1172.6," and declining to take judicial notice of the record of conviction or "determine [petitioner's] eligibility for relief in the first instance"].)

*Gallardo* is distinguishable from this case. Here, the same superior court judge considered the record of conviction (including the jury instructions) pursuant to Eagan's first section 1172.6 petition. When Eagan filed a subsequent section 1172.6 petition, the superior court reviewed the earlier resentencing proceedings, including its determination that "[p]etitioner was convicted of murder under the Provocative Act Doctrine." The court noted a change in the law under Senate Bill No. 775 and a "split in authority as to whether [Senate Bill No.] 775 includes provocative act murder," but the court concluded "the law of provocative act murder require[s] that the defendant personally harbor malice." The court denied the petition, determining that Eagan's subsequent petition "raise[d] no new issues for this court to consider" that were not "previously litigated." Because the superior court previously reviewed the record of conviction and incorporated its findings into the denial of the present petition, our review of the record of conviction in this appeal does not "'substitute our judgment for the judgment of the trial court'" (*Gallardo, supra*, 105 Cal.App.5th at p. 303), and we decline to remand under these circumstances.

Eagan further contends that the summary denial of his petition without appointment of counsel, briefing, or a hearing violated his state and federal rights to due process. In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), however, the California

12

Supreme Court explained that at the prima facie stage of resentencing, there is no constitutional right to counsel. (*Id.* at pp. 972-973.) Instead, the failure to appoint counsel at the prima facie stage is "state law error only" and reviewable for harmless error under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). (See *Lewis*, at p. 973.) Similarly, the failure to order briefing or hold a prima facie review hearing does not violate the state or federal constitutions. (See *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891-892 (*Hurtado*); *People v. Farfan* (2021) 71 Cal.App.5th 942, 956 (*Farfan*).)

Here, while we agree with Eagan that the superior court erred under state law by failing to appoint counsel, set a briefing schedule, or hold a prima facie review hearing as required by section 1172.6 (see § 1172.6, subds. (b)(3), (c)), Eagan has not met his burden under *Watson* to demonstrate "'a reasonable probability that in the absence of the error[s] he . . . would have obtained a more favorable result,'" i.e., that his "'"petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis*, *supra*, 11 Cal.5th at p. 974.) As stated, Eagan is ineligible for relief as a matter of law because he was convicted of provocative act murder after the 2009 *Concha* decision. (See *Antonelli*, *supra*, 17 Cal.5th at pp. 730-731.) For this reason, any procedural errors were harmless under *Watson*. (See *Hurtado*, *supra*, 89 Cal.App.5th at p. 893 [because petitioner was ineligible for relief as a matter of law, "'there is no reasonable probability [petitioner] would have obtained a more favorable result if counsel had been appointed and given the opportunity to file a memorandum supporting the petition'"]; accord, *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1239; *Farfan*, *supra*, 71 Cal.App.5th at p. 956.)

13

## DISPOSITION

The superior court's order denying the section 1172.6 petition is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.

STONE, J.